NOT FOR PUBLICATION

FILED

FEB 29 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK A. STEVENS,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>JAMES BACA; et al.,<br><br>    Defendants - Appellees. | No. 10-17898<br><br>D.C. No. 3:08-cv-00524-RCJ-VPC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief Judge, Presiding

Submitted February 21, 2012[**]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Nevada state prisoner Mark A. Stevens appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust

administrative remedies under the Prison Litigation Reform Act, 42 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1997e(a).  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's dismissal for failure to exhaust, and for clear error its factual determinations.  *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003).  We affirm.

The district court properly dismissed the action because Stevens failed to exhaust administrative remedies prior to filing suit.  *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules).

The district court did not abuse its discretion by denying Stevens's motion to amend or alter the judgment because Stevens provided no basis for reconsideration.  *See Sch. Dist. No. 1J, Multnomah Cnty., Or v. AcandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Federal Rule of Civil Procedure 59(e) or 60).

We do not consider arguments raised for the first time in the reply brief.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**

10-17898